Olcott agt. Maclean.

# NEW YORK SUPREME COURT.

GEORGE M. OLCOTT, assignee, agt. JOHN GEORGE MACLEAN
et al.

*Bankrupt — foreign creditor.*

A bankrupt cannot prefer a foreign creditor in violation of the provisions
of the United States bankrupt act.

*Special Term, February,* 1874.

VAN BRUNT, J. — There is no doubt that the bankrupt
laws do not operate beyond the limits of the United States,
but the question raised by the demurrer in this case is, can
a bankrupt in the United States, in fraud of its provisions
in the United States, transfer property to an alien creditor.
It makes no difference in this proposition that the contract of
purchase was made abroad and to be performed abroad,
because the goods had been delivered to the bankrupt and
they were his property, and in the United States, and as
much so as if he had paid for them. There was no way in
which the defendants could have recovered these goods from
the bankrupt, because he had not paid for them, if he had
not chosen to part with them. Therefore the proposition is,
can a bankrupt prefer a foreign creditor in violation of the
provisions the bankrupt act? I do not think that such a
doctrine can be sustained. If the courts of this country
obtain jurisdiction of the foreign creditor, they may make
him amenable to our laws. The bankrupt law could not be
enforced as to an alien beyond the territorial limits of the
United States, but for a violation of its provisions within the

United States; if the courts obtain jurisdiction of the violators of the law, they may enforce its provisions, although they be aliens.

The act complained of was done in the United States, the parties infringing the provisions of the law are brought to answer before a court in the United States, and for all transactions in the United States they, although aliens, are amenable to its laws.

The case of *Cook* agt. *Whipple*, in the court of appeals, seems to hold that state courts have the power to enforce these provisions of the bankrupt act.

The demurrer must be sustained. Defendants may amend answer on payment of costs.